# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

March 13, 2020

Ge Qu, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: rqu@hanglaw.com

**VIA ECF**
Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   **Dunston v. El Ketzalt Corp.**
             Case No. 1:19-cv-05550-BMC
             Letter Request for Pre-Motion Conference

Dear Judge Cogan:

This Office represents the Defendant El Ketzalt Corp. ("Defendant") in the above-referenced matter. We write in accordance with Rule III(A) of Your Honor's Individual Rules and Practices, requesting a pre-motion conference in anticipation of Defendant's motion to vacate the default judgment entered against Defendant pursuant to Rule 60(b) of the Federal Rules of Civil Procedure; and to dismiss the complaint as moot pursuant to Rule 12(b)(1).

**I.**     **Background**

Defendant operates a restaurant under the name "Haab" featuring authentic Mexican cuisine in Brooklyn, NY. Plaintiff asserts accessibility claims against arising under Title III of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12181. *et seq*., claiming she suffered discrimination as she encountered architectural barriers at the premises, including the lack of a ramp at the entrance as well as the lack of certain accessibility features inside the restaurant.

Upon Plaintiff's motion, a final judgment was entered into against Defendant in light of its default on January 13, 2020 (Dkt. No. 15).

The undersigned firm was retained post-judgment on February 24, 2020. The parties have since reached a settlement agreement of this matter on all issues, which includes a general release by Plaintiff of all claims against Defendant and a provision for

cooperation in vacating the judgment in question. Therefore, Defendant now moves the Court to vacate the judgment as released pursuant to Rule 60(b) and to dismiss the case as moot.

**II. Parties' Interest in Honoring Settlement Outweighs Public Interest of Judgment Finality and the Development of Decisional Law.**

This Court has sound discretion to relieve Defendant from the final judgment against it on the ground that " the judgment has been satisfied, released, or discharged; . . . or any other reason that justifies relief." Fed Rules Civ Proc R 60(b); *see Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). In exercising its discretion to vacate a judgment upon settlement, Courts in this Circuit employ a balancing test between the interests of honoring settlements reached by the parties and the public interest in the finality of judgments and the development of decisional law. *See U.S. Bank Tr., N.A. v. Toney*, No. 17-CV-5516 (MKB), 2019 U.S. Dist. LEXIS 135483, at *5 (E.D.N.Y. Aug. 12, 2019) (citing *Eastern Savings Bank, fsb v. Strez*, 320 F.R.D. 9, 11 (E.D.N.Y. 2017)). Nonetheless, vacatur of a judgment as part of a settlement is an "extraordinary remedy" and should be granted only in "exceptional circumstances". *See U.S. Bankcorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26, 29 (1994); *accord Microsoft Corp. v. Bristol Tech., Inc.*, 250 F.3d 152, 154 (2d Cir. 2001).

Although no uniform definition exists as to what constitute exceptional circumstances warranting vacatur, precedents in this District suggest that exceptional circumstances are found if vacatur would permit settlement to proceed. S*ee Zomber v. Stolz*, No. CV 09-4637 (ETB), 2012 U.S. Dist. LEXIS 58132, at *7-8 (E.D.N.Y. Apr. 25, 2012) (collecting cases).

In the present case, the parties' interest in honoring the settlement outweighs the public interest in judgement finality and development of decisional law. On one hand, the public interest in preserving the final judgment in this matter is minimal. This Court granted default judgment in favor of plaintiff based on well-settled law. *See generally* Final Order (Dkt. No. 14); *cf. U.S. Bank Tr., N.A. v. Toney*, No. 17-CV-5516 (MKB), 2019 U.S. Dist. LEXIS 135483, at *6-7 (E.D.N.Y. Aug. 12, 2019)(holding that vacating the Judgment "would hardly have an impact on the advancement of decisional law or the public's interest in the finality of judgments" because default judgment was grounded on well-settled law).

On the other hand, the parties' interest in consummating the settlement is significant. Not only the settlement agreement specifically provides for vacatur of the default judgment,[1] but the parties have agreed on: (1) the specific remediations to the subject property to be undertaken by Defendant; (2) the timeframe to do so; and (3) the recovery of Plaintiff's attorney's fees and costs. The settlement resolves all disputes between the parties. Furthermore, public policy favors or should favor small business staying in business. The final judgment provides for an injunction that Defendant "shall be closed to the general public with all business operations ceased until Defendant fully

---

[1] A true copy of the settlement agreement reached in this matter is attached to this Letter.

comply with the terms of this Order." Final Judgment (Dkt. No. 14). Preserving the final judgment and order in this matter will impede settlement as it will result in undue financial hardship to Defendant. As a small business, Defendant contribute to the Brooklyn food scene by serving authentic Mexican cuisine. Defendant will not be able to afford to remedy the property to comply with ADA should the business not be allowed to operate in the meantime considering the thin profit margin prevalent in the hospitality industry, which is exacerbated by the recent Covid-19 outbreak.

Therefore, Defendant respectfully requests that the Court find exceptional circumstances in the settlement of this matter in that the parties' interest in honoring the settlement agreement outweighs public interest in preserving the judgment and order; and, therefore, vacatur is warranted pursuant to Rule 60(b).

### III. This Court Should Dismiss the Complaint as Moot.

A case must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when a case is moot, as the federal courts have no jurisdiction over the litigation, when the parties "lack a legally cognizable interest in the outcome . . . . The required legally cognizable interest has alternatively been described as a requirement that a plaintiff have a personal stake in the litigation." *Fox v. Board of Trustees of the State Univ.*, 42 F.3d 135, 140 (2d Cir. 1994). Here, the full extent of Plaintiff's demand for relief in the complaint, including injunctive relief and recovery of attorney's fees and costs, have been resolved by way of settlement. There remains no claim or controversy for this Court to adjudicate and the case should be dismissed as moot. *See In re Kurtzman*, 194 F.3d 54, 58 (2d Cir. 1999) ("it is impossible for the court to grant any effectual relief whatever to a prevailing party.")

Therefore, Defendant respectfully requests that its application be granted. We appreciate the Court's time and continued attention to this matter.

Respectfully Submitted,
Hang & Associates, PLLC

By:__s/ *Ge Qu*_____

Ge Qu, Esq.

*Attorneys for Defendant El Ketzalt Corp.*

cc: Maria-Costanza Barducci Esq. (via ECF)